TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Jazzmin Hill

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jazzmin Hill, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Larry H. Miller Nissan Mesa, | |
| Defendant. | **JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Jazzmin Hill, by undersigned counsel, states as follows:

## PRELIMINARY STATEMENT

1. This is an action for statutory, actual, and punitive damages and for declaratory and injunctive relief brought pursuant to the Federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., Regulation Z, 12 C.F.R. §226.1, et seq. ("TILA"), good faith and fair dealing obligation, breach of contract, and common law fraud.

## JURISDICTION

2. This action arises under the Federal Truth in Lending Act, 15 U.S.C. §1601, et seq., with supplemental jurisdiction over the state law claims. As to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367, and jurisdiction under 28 U.S.C. §1332(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Jazzmin Hill (hereafter "Plaintiff"), is an adult individual residing at 4333 N 24th St #206, Phoenix, Arizona 85016.

5. The Defendant, Larry H. Miller Nissan Mesa (hereafter "Defendant" or "Dealership"), is an Arizona corporation with an address of Larry H. Miller Nissan

Mesa, 2025 West Riverview Auto Drive, Mesa, Arizona 85201, and is engaged in the business of selling motor vehicles within the jurisdiction of this Court.

## STATEMENT OF FACTS

**A. Vehicle Purchase**

6. Prior to visiting the Dealership on March 16, 2014, Plaintiff provided the Dealership with her background and employment information to allow the Dealership to arrange for vehicle financing.

7. On or about March 16, 2014, Plaintiff visited the Dealership and agreed to purchase a 2014 Nissan Versa, Vehicle Identification Number 3N1CN7AP9EL857093 (the "Vehicle"), located on the Dealership's lot.

8. Plaintiff agreed to a Vehicle purchase price of $16,725.00, with a total sale price of $25,981.50.

9. Plaintiff paid $1,500.00 as a cash down payment toward the Vehicle's purchase price and financed the remainder of the purchase price through the Dealership.

10. The same day, March 16, 2014, the Dealership advised Plaintiff that she was approved for financing.

11. In connection with this purchase, the Dealership presented and Plaintiff executed a number of documents, including the document titled "RETAIL INSTALLMENT SALE CONTRACT" (the "Installment Contract"), which contained a number of TILA mandated disclosures, as well as the terms of financing and the schedule of payments.

12. The Installment Contract identifies Larry H. Miller Nissan Mesa as a "Seller-Creditor" of the Vehicle.

13. The Installment Contract identifies Plaintiff as the "Buyer" of the Vehicle.

14. Further, the Installment Contract reflects that the Vehicle's purchase price was funded with a downpayment of $1,500.00, followed by 75 monthly payments of $326.42, with the first payment due on April 30, 2014.

15. After signing all of the documents presented by the Dealership, Plaintiff left the Dealership in her newly purchased Vehicle.

16. In addition, the Installment Contract contains the following terms:

> You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes 'we' or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.
>
> HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs X _____, Co-Buyer Signs X _____.
> If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend

the time for making some payments without extending the lime for making others.

3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

e. We may take the vehicle from you. If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

**B.   Contract Breach and Wrongful Repossession by the Dealership**

17.   The following week, and about five (5) weeks before the first payment was due, the Dealership informed Plaintiff that her financing had not in fact been approved and requested that Plaintiff return to the Dealership to execute a new Retail Installment Sale Contract or surrender the Vehicle.

18.   Plaintiff responded that on the day she executed the Vehicle purchase documents, she was advised otherwise and that she wished to stand by the original agreement.

19.   The Dealership refused to honor the original Installment Contract and Plaintiff, under protest, surrendered the Vehicle to the Dealership.

5

# COUNT I

## VIOLATION OF TILA – 15 U.S.C. § 1601 et seq.

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. At all times relevant hereto, the Defendant regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments. Defendant is a person to whom the transaction which is the subject of this action is initially payable, making Defendant a creditor within the meaning of TILA, 15 U.S.C. § 1602(f) and Regulation Z § 226.2(a)(17).

22. 15 U.S.C. § 1638 provides that the creditor shall disclose the "amount financed," the "finance charge," the "annual percentage rate," as well as other items so that the consumer can make an informed decision regarding the credit being offered.

23. 15 U.S.C. § 1638 also governs the timing of these disclosures and prohibits any conduct that would prevent the consumer from having a meaningful opportunity to review the terms of the credit being offered.

24. The Defendant in fact had not arranged Vehicle financing at the time the purchase was consummated, and the disclosures contained in the Retail Installment Sales Contract signed by the Plaintiff are false, and therefore violate the TILA and Regulation Z.

25. The Installment Contract and these consumer protection statutes are to be construed liberally in favor of consumers and strictly against the seller.

26. The appearance of the extension of credit in unambiguous terms on one hand, combined with the actual absence of agreement to provide Vehicle financing, violates TILA.

27. Upon information and belief, this is a common practice of the Defendant and such a practice manifests a gross and willful contempt for the law.

28. As a result of these violations of TILA, the Defendant is liable to the Plaintiff for actual damages; statutory damages equal to twice the finance charge; punitive damages; costs and attorneys' fees.

## COUNT II

## BREACH OF GOOD FAITH AND FAIR DEALING OBLIGATION

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. By misrepresenting material facts and omitting material facts, the Defendant did not perform its obligations to the Plaintiff in good faith and therefore violated UCC §1-203.

31. The actions of the Defendant as described in this Complaint constitute a breach of the good faith requirement, and as a proximate result, Plaintiff has sustained the damages set forth herein.

## COUNT III

## BREACH OF CONTRACT

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Defendant, by constructively repossessing the Vehicle when Plaintiff had not defaulted on her payment obligations under the Installment Contract, breached the Contract.

34. The Defendant, by reason of knowingly misrepresenting the terms of agreement and by knowingly misrepresenting that it had secured Vehicle financing, breached the Contract.

35. As a result, Plaintiff sustained damages.

## COUNT IV

## FRAUD OR MISREPRESENTATION

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The Defendant induced Plaintiff to purchase the Vehicle by the misrepresentation of material facts and the omission of material facts, namely by misrepresenting that the Defendant secured financing or would itself finance the remainder of the Vehicle's purchase price.

38. The Defendant knew such representations to be false, or it made those representations recklessly, or the Defendant had no reasonable grounds for believing

8

those representations were true. The Defendant also knew that its omissions were material and important.

39. The Defendant intended to deceive Plaintiff and intended that Plaintiff would rely upon its representations, which the Plaintiff did, to Plaintiff's detriment, suffering damages as a result.

40. Plaintiff is entitled to monetary and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant as follows:

    A. Statutory damages of twice the finance charge, with a minimum of $100.00 and a maximum of $1,000.00;

    B. Incidental damages and consequential damages;

    C. Reasonable attorneys' fees; and

    D. Such other and further relief as this Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

1  DATED:  April 24, 2014                    LEMBERG LAW, LLC
2
3
4                                             By: __/s/   *Trinette G. Kent*__
                                              Trinette G. Kent
5
6                                             Attorney for Plaintiff,
                                              Jazzmin Hill
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

10